UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LANDERHOLM P.S., a Washington Professional Service Corporation,<br><br>       Plaintiffs,<br><br>   v.<br><br>LEWIS I. LANDERHOLM, an individual; and LANDERHOLM LAW, LLC, an Oregon limited liability company,<br><br>       Defendants. | No. 3:19-cv-05842<br><br>COMPLAINT FOR<br><br>(1) FALSE DESIGNATION OF ORIGIN 15 U.S.C. §1125;<br>(2) COMMON LAW TRADEMARK INFRINGEMENT;<br>(3) STATE TRADEMARK DILUTION RCW 19.77.160<br><br>**JURY TRIAL REQUESTED** |

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Landerholm P.S. ("LANDERHOLM") is a Professional Service Corporation organized under the laws of the State of Washington with a principal place of business in Vancouver, Washington.

2.     Upon information and belief, defendant Landerholm Law, LLC ("Landerholm Law") is a Limited Liability Company organized under the laws of Oregon with offices in Portland, Oregon; Salem, Oregon; and Vancouver, Washington.

COMPLAINT - Page 1

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

3. Upon information and belief, defendant Lewis I. Landerholm, an individual ("Lewis Landerholm"), is the founder and sole member of Landerholm Law. Upon information and belief, Lewis Landerholm resides in Portland, Oregon.

4. This court has subject matter jurisdiction over plaintiff's Lanham Act claims pursuant to injuncti and 1338 for claims arising under 15 U.S.C. § 1125, and supplemental jurisdiction over common law and state claims pursuant to 28 U.S.C.§§ 1338 and 1367.

5. Venue is proper in this District because plaintiff and defendants conduct business here pursuant to 28 U.S.C. § 1391.

## INTRODUCTION

6. Plaintiff seeks injunctive relief prohibiting defendants from offering legal services in Washington under any trade name or business name that includes the word "Landerholm." Since 1953, plaintiff's use of the name Landerholm for legal services in Southwest Washington has been continuous and exclusive, and LANDERHOLM has acquired secondary meaning in Southwest Washington as a trademark for legal services[1]. In 2018, defendant Lewis Landerholm opened an office of Landerholm Law, in Vancouver, Washington. Confusion between plaintiff's long-established LANDERHOLM law firm and defendant, Landerholm Law was immediate. Confusion continued unabated even after defendants' Vancouver office began using the assumed business name Landerholm Family Law.

---

[1] As used herein, "trademark" means trademark, service mark, or brand.

COMPLAINT - Page 2

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373(fax)

**PLAINTIFF'S FACTUAL ALLEGATIONS**
**The LANDERHOLM Trademark**

7. Robinson and Morse, the predecessor of plaintiff, was founded in 1948 by Walter Robinson.

8. In 1951, Irwin C. Landerholm was admitted to practice in Washington and joined the law firm of Robinson and Morse.  Irwin Landerholm practiced law in Vancouver, Washington for over fifty years at plaintiff's firm and was well known to the legal and business communities in Clark County and Southwest Washington.  Irwin Landerholm is now deceased.

9. In 1953, the name of the firm was changed to Robinson, Morse, and Landerholm. Since then, the name of plaintiff's law firm has always included "Landerholm."  As early as November 1995, plaintiff advertised and promoted its legal services online at www.landerholm.com and communicated with its clients and others via email using @landerholm.com as its email address. From 2003 to 2009, at least nine decisions by the Washington State Court of Appeals have identified plaintiff as The Landerholm Firm or Landerholm Law Office.  Over time, plaintiff's law firm had become known as LANDERHOLM.  In 2011, Plaintiff announced in the *Vancouver Business Journal* and *The Columbian* that it was formally changing its name from Landerholm, Memovich, Lansverk & Whitesides to LANDERHOLM.

10. Plaintiff's logo, used on its website, letterhead, and elsewhere consists of an orange design element, LANDERHOLM in bold capital letters, and the tag line "Legal advisors. Trusted advocates." in significantly smaller font below LANDERHOLM.  The design element is positioned to the left of LANDERHOLM and comprises a stylized "L" outlined in an orange rectangle.

COMPLAINT - Page 3



11. Upon information and belief, for approximately sixty-five years, plaintiff had been the sole source of legal services in Southwest Washington provided in association with the name Landerholm. There have been no law firms in Southwest Washington since 1953 that include Landerholm in the name of the firm until defendants opened a Vancouver office in 2018, plaintiff's use of Landerholm for legal services in Southwest Washington had been exclusive.

12. One of the ways in which plaintiff promotes its services is by sponsorship of and firm participation in community organizations and activities. Recent examples include Clark County Planning Commission, Board of Vancouver's Downtown Association, Leadership Clark County, Children's Home Society of Washington, Greater Vancouver Chamber of Commerce, Humane Society of Southwest Washington, Clark County Food Bank, Columbia River Economic Development Council, Rotary Club of Vancouver, Community Foundation for Southwest Washington, Southwest Washington's Contractor's Association, Leadership Clark County, Clark County Association of Realtors, and Girl Scouts of Oregon and Southwest Washington. A list of over thirty organizations showing the extent of plaintiff's community involvement and participation may be seen at https://www.landerholm.com/community-involvement. For over sixty-five years plaintiff and its lawyers have participated in many community organizations and activities in Southwest Washington.

COMPLAINT - Page 4

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373(fax)

13. Plaintiff's lawyers are active in the Washington State Bar Association ("WSBA"), where they have served as chairperson of the Business Section, members of Taxation Executive Committee, and members of Probate and Trust Executive Committee.

14. As a result of the high quality of the services plaintiff has provided over the years, LANDERHOLM has earned an excellent reputation within the legal community and the community at large, spanning service areas including commercial and business law, mergers and acquisitions, property law, real estate law, tax, land use, personal injury, worker's compensation, employment law, estate planning, and probate and trust administration.

15. Plaintiff was voted Best Attorney in Clark County by *The Columbian* readers for three consecutive years from 2017-2019. Plaintiff's lawyers have been recognized for excellence, including three "Super Lawyers," one "Rising Star," multiple recognitions in Vancouver Business Journal's "Accomplished and Under 40," and Clark College's Outstanding Alumni Award. Plaintiff's lawyers have been selected for leadership positions in the community including Chair of the Clark County's Planning Commission.

16. Located in Vancouver, Washington, across the Columbia River from Oregon, plaintiff offers and provides legal services in interstate commerce. Almost all of plaintiff's lawyers are licensed to practice in other states.

17. Over the years, plaintiff has provided legal services to more than forty thousand individuals and businesses.

18. Over the course of sixty-five years, plaintiff has spent a substantial sum of money advertising and promoting its legal service in connection with Landerholm.

19. Plaintiff is listed in over 60 directories including Bing, Bizwiki, chamberofcommerce.com, City Search, Dex Knows, Dun & Bradstreet, FindLaw, local.com,

Mapquest, Superpages, The Internet Chamber of Commerce, Vancouver Business Journal, Waze, and White and Yellow Pages.

20. With 24 lawyers, plaintiff is the largest law firm in Southwest Washington. Continuous and exclusive use of the name Landerholm, by itself or with other names, to provide legal services for over sixty-five years has resulted in "acquired distinctiveness" (sometimes referred to as "secondary meaning") in the trademark LANDERHOLM in Southwest Washington to identify plaintiff and its legal services.

21. Such acquired distinctiveness imbues LANDERHOLM with the benefits and protection of a trademark, enforceable against others who use a similar name for similar products or services such that confusion is likely.

22. Moreover, due to the lengthy, extensive, prominent, and exclusive use of LANDERHOLM, it has become a strong trademark, entitled to a broad scope of protection.

23. The LANDERHOLM trademark is famous for legal services in Southwest Washington.

24. The LANDERHOLM trademark is extremely valuable and embodies the goodwill of the firm.

**Defendants**

25. Upon information and belief, defendant Lewis Landerholm founded defendant Landerholm Law in 2010 and registered "Landerholm Law LLC" with the State of Oregon on November 1, 2010.

26. Upon information and belief, the initial logo of defendant Landerholm Law consisted of an orange design element and LANDERHOLM LAW in bold, capital letters.  The

COMPLAINT - Page 6

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

design element is positioned to the left of LANDERHOLM LAW and comprises a rectangular design element consisting of grey and orange stylized "Ls."



27. Upon information and belief, defendant Lewis Landerholm is the grandson of Irwin Landerholm, the lawyer for whom plaintiff's LANDERHOLM law firm is named. Lewis Landerholm is not admitted to practice in the State of Washington.

28. Upon information and belief, defendant Landerholm Law registered the domain name www.landerholmlaw.com on November 6, 2010, approximately 15 years after plaintiff LANDERHOLM registered www.landerholm.com, and after the trademark LANDERHOLM acquired distinctiveness in Southwest Washington for legal services.

29. Upon information and belief, defendant Lewis Landerholm opened the Vancouver, Washington office of defendant Landerholm Law in August 2018.

30. Defendants conduct business in interstate commerce.

31. Upon information and belief, both parties market and provide legal services to the same group of consumers, namely individuals residing in Southwest Washington.

### Actual Confusion

32. Shortly after defendants opened the Vancouver office in 2018, it became apparent that the presence of a new "Landerholm" law office in Vancouver caused significant confusion or mistake.

COMPLAINT - Page 7

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

33. Examples of confusion or mistake include, but are not limited to:

   a. A third-party lawyer mistakenly went to plaintiff's office expecting a meeting scheduled with defendant's lawyer;

   b. Flowers were delivered to plaintiff that were intended for defendant;

   c. An email intended for defendants, was received by plaintiff from a Seattle headhunter enquiring about an opening for a domestic relations assistant;

   d. Another third-party lawyer mistakenly went to defendant's Vancouver office and showed up late for an arbitration scheduled at plaintiff's office;

   e. Telephone calls received by plaintiff that were intended for defendant;

   f. Comments or questions from the public to plaintiff's employees regarding the existence of another law firm with the name "Landerholm" in Vancouver, Washington;

   g. Confusion relayed to plaintiff's attorneys or employees by its clients or vendors;

   h. Misdirected mail; and

   i. Misdirected email enquiries.

34. Defendants were aware of such confusion.  On December 12, 2018, defendant Lewis Landerholm sent Randy Grove, a LANDERHOLM partner, an email inviting Mr. Grove to meet and discuss confusion.  In the email Lewis Landerholm wrote, "I wanted to reach out since we have opened in Vancouver and I know it has created some confusion for staff."

35. On February 11, 2019, plaintiff sent defendants a cease and desist letter requesting that defendants cease use of any firm name including "Landerholm" in Southwest Washington.

COMPLAINT - Page 8

36. Upon information and belief, even defendants' employees were confused. Upon information and belief, in April 2019, defendants' Oregon office forwarded a pleading to plaintiff. The pleading, relating to a domestic relations matter in Clark County Superior Court, was addressed to defendant Landerholm Law at its Oregon address. Upon information and belief, opposing counsel sent the pleading to defendant Landerholm Law at its Oregon address, where defendants' employees in the Oregon office mistakenly forwarded the pleading to plaintiff LANDERHOLM, intending to send it to defendant Landerholm Law's Vancouver office.

37. Upon information and belief, on March 28, 2019, defendants registered the assumed business name Landerholm Family Law in Oregon, and at some time thereafter began using Landerholm Family Law in some situations while it continued to use Landerholm Law in other situations. For example, defendants continue to use www.landerholmlaw.com as their website address and @landerholmlaw.com as their email address. Thus, the first or most dominant impression of defendants received by many members of the public is "Landerholm Law," not "Landerholm Family Law."

38. Upon information and belief, some time after March 28, 2019, defendants began using the logo below consisting of the same stylized grey and orange "Ls," "LANDERHOLM" in bold capital letters, and Family Law in smaller font below "LANDERHOLM."



39. Upon information and belief, *The Columbian*, Vancouver's largest newspaper was also confused. In April, *The Columbian* notified plaintiff that it had once again been nominated

COMPLAINT - Page 9

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373(fax)

as "Best Attorney in Clark County."  However, the ballot that appeared in the April 7, 2019 printed copy of the newspaper listed "Landerholm Law" rather than plaintiff LANDERHOLM. Further, the electronic ballot on *The Columbian's* website initially misidentified "Landerholm Law's" address as 805 Broadway Street, Suite 1000, which is plaintiff LANDERHOLM's address. A map on the website also mistakenly identified plaintiff's address as defendant's location.  Fortunately, these errors were noticed by plaintiff and timely corrected, resulting in plaintiff winning this year's contest for the "Best Attorney in Clark County."

40. The confusion described above demonstrates the clear potential for damage to plaintiff's reputation and goodwill.  Had *The Columbian's* mistake not been caught, plaintiff LANDERHOLM would have lost that opportunity to be recognized for its excellence.  The strength of plaintiff's trademark rights in the LANDERHOLM brand, built over half a century, would not have been enhanced by the award, and defendant Landerholm Law would have received the recognition and goodwill rightfully due to plaintiff.

41. Further, public recognition of another "Landerholm" law firm for excellence would have exacerbated the on-going dilution of plaintiff's LANDERHOLM trademark caused by defendants' use of plaintiff's brand and diminished the ability of LANDERHOLM to identify a sole source of legal services in Southwest Washington.

42. The confusion described above also demonstrates the strength of the LANDERHOLM brand.  Defendants' switch to the assumed business name Landerholm Family Law did not forestall confusion by *The Columbian* newspaper, a very discerning member of the public.  If *The Columbian* was confused, the general public, presumably less discerning than a newspaper, is more likely to be confused.

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

43. Even a judge has been confused. On May 28, 2019, Judge Trish Brown, Chief Judge of the Oregon Bankruptcy Court asked Mr. Gregory Dennis, a LANDERHOLM partner whether he worked out of the firm's Vancouver or Portland office, when in fact plaintiff does not have a Portland office. Judge Brown also told Mr. Dennis that she had tried to find his contact information by searching for "Landerholm Law Firm" on the Internet and had mistakenly telephoned defendant. Judge Brown remarked that "it was confusing to figure out as it appears to be the same firm."

44. Judge Brown's confusion demonstrates harm to plaintiff caused by defendant's incorporation of plaintiff's LANDERHOLM trademark into defendants' domain name, www.landerholmlaw.com.

45. Upon information and belief, some time prior to August 16, 2019, defendants began referring to their Vancouver, Washington office as Lewis Landerholm Family Law. This information is visible if one visits www.landerholmlaw.com and clicks on "Vancouver Location." Upon information and belief the email address of the Vancouver address is @landerholmlaw.com.

46. This suit is necessary to protect against public confusion and mistake and dilution of plaintiff's hard-earned trademark rights in LANDERHOLM, and to restore the ability of LANDERHOLM to identify a sole source of legal services in Southwest Washington.

**Likelihood of Confusion**

47. The legal services offered by plaintiff and defendants are closely related, and in some cases identical.

48. Upon information and belief, as of October 25, 2018, defendants were advertising probate and estate planning legal services to Southwest Washington residents.

COMPLAINT - Page 11

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

49. As mentioned above, long prior to October 2018, plaintiff had offered legal services related to estate planning and probate to Southwest Washington residents.

50. Upon information and belief, both parties advertise and promote their services in the same channels of trade, including on the Internet, in directories, and on social media such as Facebook and Yelp.

51. Upon information and belief, potential clients of the parties identify, investigate, contact, and decide to retain the parties for legal services based upon their online and social media impression and identification.

52. The domain names of the parties are substantially identical and confusingly similar. Plaintiff's domain name is www.landerholm.com and defendants' domain name is www.landerholmlaw.com.

53. The email address of the respective parties are substantially identical – @landerholm.com and @landerholmlaw.com.

54. The parties' logos are:

**Plaintiff**                                                       **Defendants**

                        

or


COMPLAINT - Page 12

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

55. The prominent, distinctive, source identifying term in defendants' logos is plaintiff's brand LANDERHOLM in large capital letters. The other words are generic or descriptive.

56. Upon information and belief, defendants' logo for Lewis Landerholm Family Law includes "LEWIS" directly above "LANDERHOLM," in small letters the size of the "Family Law" font.

57. The logos are also similar in that the design elements are positioned to the left of "Landerholm." The design elements of the logos are also similar because both feature the letter "L" and an orangish color. The logos of both parties feature the colors grey and orange.

58. Defendants' Landerholm Family Law and Lewis Landerholm Family Law logos with their increased emphasis on "LANDERHOLM" is more similar to plaintiff's LANDERHOLM logo than is defendants' prior Landerholm Law logo.

59. The Facebook page address of the parties are almost identical—plaintiff's page address is www.facebook.com/LanderholmPS/ and defendants'www.facebook.com/LanderholmLaw.

60. The Yelp page address of the parties are also almost identical—plaintiff's page is www.yelp.com/biz/landerholm-p-s-vancouver-4 and defendants' www.yelp.com/biz/landerholm-law-vancouver-2.

61. The firm names of the parties are substantially identical and confusingly similar. Plaintiff is LANDERHOLM and defendants are Landerholm Family Law and Lewis Landerholm Family Law.

62. In the names and domain names of both parties "Landerholm" is the distinctive source-identifying portion.

COMPLAINT - Page 13

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373(fax)

63. Defendants' names Landerholm Law, Landerholm Family Law, and Lewis Landerholm Family Law, defendants' domain name www.landerholmlaw.com and defendants' email address @landerholmlaw.com include plaintiff's LANDERHOLM trademark.

64. The names, domain names and email addresses of the respective parties are visually similar.

65. The names, domain names and email addresses of the respective parties are aurally similar.

66. With respect to legal services, the names, domain names and email addresses of the respective parties have the same connotation "Landerholm."

67. With respect to legal services the names and domain names of both parties give the same commercial impression, "Landerholm."

68. Upon information and belief, defendants intended to take advantage of the reputation and renown of plaintiff's LANDERHOLM trademark, and/or the familiarity of the Landerholm name in Southwest Washington, when they decided to open a law office in Vancouver, Washington using the name Landerholm Law.

69. On defendants' website and elsewhere, defendant Lewis Landerholm identifies himself as Lewis Irwin Landerholm. Upon information and belief, Mr. Landerholm seeks to use the name Irwin, the name of his grandfather, a long-time partner in and namesake of plaintiff LANDERHOLM, to suggest to consumers that his services are those of plaintiff or are endorsed, sponsored, or otherwise affiliated or connected with plaintiff.

70. Upon information and belief, defendants were aware that plaintiff would object to their use of Landerholm.

COMPLAINT - Page 14

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

71. Upon information and belief, defendants were aware that establishing a second Landerholm firm in Clark County Washington would result in confusion or mistake.

72. Upon information and belief, defendants were aware that confusion or mistake with plaintiff would benefit defendants and harm plaintiff.

73. As early as December 2018, defendants' use of Landerholm Law had caused confusion and defendants have acknowledged such confusion.

### Harm to Plaintiff Landerholm

74. Defendants' use of Landerholm in its names and domain names has infringed plaintiff's LANDERHOLM trademark, has caused confusion, and has harmed plaintiff.

75. Plaintiff's LANDERHOLM trademark became famous in Southwest Washington prior to Defendants' adoption and use of Landerholm Law, Landerholm Family Law and Lewis Landerholm Family Law in Southwest Washington, and inclusion of plaintiff's LANDERHOLM mark in defendants' domain names dilutes the distinctive quality of plaintiff's mark.

76. As a result of defendants' use of plaintiff's LANDERHOLM trademark in their names and domain names, "Landerholm" no longer designates the sole source of legal services in Southwest Washington.

77. As a result of defendants' trademark infringement and dilution plaintiff has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law.

78. Based upon defendants' adoption and use of the trademark LANDERHOLM despite knowledge of plaintiff's trademark rights in the mark, defendants' infringement and dilution is willful.

79. Based upon defendants' intent to take advantage of the fame and familiarity of LANDERHOLM in Southwest Washington, defendants' infringement is willful.

COMPLAINT - Page 15

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

80. Based upon defendants' continued use of plaintiff's LANDERHOLM trademark despite their knowledge of actual confusion, defendants' infringement is willful.

## Count I
## Federal False Designation of Origin

81. Plaintiff repeats and realleges the allegations of paragraphs 1 through 80 as though fully set forth herein.

82. This claim arises under 15 U.S.C. §1125(a)(1)(A).

83. Defendants' actions as described herein, including adoption and use of Landerholm Law, Landerholm Family Law, and Lewis Landerholm Family Law in Southwest Washington, use of the domain name www.landerholmlaw.com, and defendants' other uses of "Landerholm" have caused and are likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, or approval of defendants' legal services by plaintiff.

84. Defendants' actions have harmed plaintiff.

85. Defendants' actions are intentional and willful, and this is an exceptional case, entitling plaintiff to reasonable attorney fees in accordance with 15 U.S.C. § 1117(a).

86. As a result of defendants' use of plaintiff's trademark, plaintiff has suffered and will continue to suffer irreparable injury for it has no adequate remedy at law.  Defendants will continue their unauthorized use of plaintiff's LANDERHOLM trademark unless enjoined by this Court.

## Count II
## Common Law Trademark Infringement

87. Plaintiff repeats and realleges the allegations of paragraphs 1 through 86 as though fully set forth herein.

88. This claim arises under the common law of the State of Washington.

COMPLAINT - Page 16

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373(fax)

89. Plaintiff's trademark LANDERHOLM has acquired secondary meaning among relevant consumers in Southwest Washington.

90. Defendants' use of the business names Landerholm Law, Landerholm Family Law, and Lewis Landerholm Family Law in Southwest Washington, use of the domain name www.landerholmlaw.com in Southwest Washington, and other uses of "Landerholm" in Southwest Washington closely resemble plaintiff's LANDERHOLM trademark in appearance, sound, connotation, and commercial impression.

91. The services offered in connection with defendant's business names and domain names are closely related, and in some cases identical, to the services plaintiff offers in connection with its LANDERHOLM trademark.

92. Both parties advertise and promote their services through the same channels of trade.

93. Defendants' use of plaintiff's LANDERHOLM trademark has caused confusion and thus violates plaintiff's common law trademark rights.

94. Defendants have actual knowledge of plaintiff's rights in the LANDERHOLM mark, but despite such knowledge, continue their infringing behavior with disregard of plaintiff's rights.

95. Defendants' use is likely to cause confusion and mistake and is likely to deceive consumers into believing that Defendants are sponsored, approved by, affiliated with, or endorsed by plaintiff when they are not.

96. Plaintiff has been harmed by defendants' actions.  As long as defendants continue to use the infringing mark, plaintiff will continue to suffer irreparable harm without adequate remedy at law.

COMPLAINT - Page 17

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

97. Such irreparable harm will continue unless defendants are restrained and/or enjoined.

### Count III
### State Trademark Dilution

98. Plaintiff repeats and realleges the allegations of paragraphs 1 through 97 as though fully set forth herein.

99. This claim arises under RCW 19.77.160.

100. Plaintiff's trademark LANDERHOLM became famous in Southwest Washington well prior to 2018.

101. Defendants' commercial use of the business names Landerholm Law, Landerholm Family Law, Lewis Landerholm Family Law, and the domain name www.landerholmlaw.com commenced after plantiff's mark became famous in Southwest Washington.

102. Defendants' use of Landerholm Law, Landerholm Family Law, Lewis Landerholm Family Law, www.landerholmlaw.com and other business uses of Landerholm dilutes the distinctive quality of plaintiff's LANDERHOLM mark.

103. Defendants' conduct has irreparably damaged and will continue to irreparably damage plaintiff's market, reputation, and goodwill. Such irreparable harm will continue unless defendants are enjoined. An injunction is authorized pursuant to RCW 19.77.160.

104. Defendants willfully and in bad faith intended to trade on plaintiff's reputation or cause dilution of plaintiff's LANDERHOLM mark. As such, plaintiff is entitled to recover its reasonable attorneys' fees pursuant to RCW 19.77.160(2).

105. Defendants' continued use of "Landerholm" despite knowledge of confusion is willful and in bad faith.

COMPLAINT - Page 18

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373(fax)

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the following relief:

A. A finding that plaintiff's use of Landerholm for legal services in Southwest Washington for many years has resulted in LANDERHOLM acquiring distinctiveness as a trademark for legal services prior to defendants' adoption and use of Landerholm in the name of their law firm.

B. A finding that the trademark LANDERHOLM became famous in Southwest Washington for legal services prior to defendants' adoption and use of Landerholm in the name of their law firm.

C. A finding that defendants' use of Landerholm for legal services is likely to cause confusion.

D. A finding that defendants' use of Landerholm for legal services has caused confusion.

E. A finding that defendants have violated 15 U.S.C. § 1125(a) for unfairly competing with plaintiff by using a false designation of origin for defendants' services.

F. Pursuant to 15 U.S.C. § 1116 and/or RCW 19.77.160, an injunction prohibiting defendants from offering legal services to residents of Southwest Washington using a law firm name, tradename, trademark, business name, domain name, web address, or other designation that includes the name "Landerholm" or any confusingly similar term;

G. A finding that this case is exceptional and an Order awarding plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

COMPLAINT - Page 19

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373 (fax)

H.     A finding that defendants willfully intended to trade on plaintiff's reputation to cause dilution of plaintiff's LANDERHOLM mark and an award of plaintiff's reasonable attorney fees pursuant to RCW 19.77.160.

I.     For such other relief as the Court deems just and proper.

**DEMAND FOR JURY**

Should this matter proceed to trial, plaintiff demands all issues of fact be determined by a jury.

DATED September 10, 2019      By:   */s/ Susan D. Pitchford*

J. Peter Staples, WSBA #15185
pete@chernofflaw.com
Susan D. Pitchford, WSBA #26259
sdp@chernofflaw.com
Phoebe Chia Ju Hung, *Pro Hac Vice Pending*
phung@chernofflaw.com
Chernoff Vilhauer LLP
111 SW Columbia Street, Suite 725
Portland, OR 97201
Tel: (503) 227-5631
Fax: (503) 228-4373

Attorneys for Plaintiff

COMPLAINT - Page 20

Chernoff Vilhauer LLP
111 SW Columbia, Suite 725
Portland, OR 97201
503.227.5631 (main)
503.228.4373(fax)